IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert Koon, ) | |
| ) | Civil Action No. 8:06-1072-RBH-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Jon Ozmint, James Sligh, ) | |
| R. Parker, Colie Rushton, ) | |
| NFN Price, Brenda Epps, ) | |
| NFN Thomas, NFN Blackwell, ) | |
| Anthony Padula, and Geraldine ) | |
| Miro, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' Motion for Summary Judgment (#24) and the plaintiff's Motion for a Temporary Restraining Order (#6); Motion to Compel (#20); and Motion to Amend Complaint (#21).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on April 11, 2006, seeking damages for alleged civil rights violations. On September 25, 2006, the defendants moved for summary judgment. By order filed September 28, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th

Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On November 3, 2006, the plaintiff filed a response opposing summary judgment.

## FACTS PRESENTED

The plaintiff is an inmate within the South Carolina Department of Corrections ("SCDC") currently housed in the Lee Correctional Institute ("LCI"). The plaintiff raises several claims some of which occurred while he was housed at the Perry Correctional Institution ("PCI"). The plaintiff alleges that defendant James Sligh intentionally miscalculated a disciplinary sentence which was imposed on the plaintiff while he was housed at PCI. The plaintiff also claims that he missed a legal filing deadline because officers at PCI did not timely bring him his "legal box" while he was on lockup status. The plaintiff then alleges that since his transfer to LCI, on January 31, 2006, he has been denied outdoor recreation at LCI. Finally, the plaintiff alleges the SCDC charges too much for writing supplies which he contends has chilled his access to the courts.

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**DISCUSSION**

**CALCULATION OF DISCIPLINARY SENTENCE**

On June 28, 2004, while housed at PCI, the plaintiff was sentenced to 540 days of disciplinary detention for three separate convictions of striking an employee. The plaintiff does not challenge the underlying disciplinary sentence - only the calculation of the sentence. He alleges his disciplinary sentence was intentionally miscalculated by defendant James Sligh in retaliation for a pervious lawsuit filed with Sligh as a defendant. (Compl. 5-6.)

Prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison placement. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)(no constitutional right under the Due Process Clause to a particular security classification or prison placement). In *Sandin v. Conner*, 515 U.S. 472 (1995), the United States Supreme Court held that a change in the condition of a prisoner's confinement that does not exceed the scope of the original sentence gives rise to a federally-protected liberty interest only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 483. In *Sandin*, the Court concluded that the plaintiff's "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 485. Under the analysis set forth in *Sandin*, the plaintiff cannot show that he has a protected liberty interest in his security or custody classification. *Id.* at 483-85; *see Backey v. South Carolina Dep't. of Corrections*, 73 F.3d 356 (4th Cir. Jan. 3, 1996) (allegations of wrongful placement in administrative

segregation do not involve the kind of significant or atypical hardship necessary to invoke due process rights); *Reffritt v. Nixon*, 917 F.Supp. 409, 412 (E.D.Va.1996)(plaintiff has no protected interest in remaining in or being released into general population).

On June 28, 2004, the plaintiff was convicted of three counts of striking an employee and sentenced to 180 days of disciplinary detention for each count - for a total of 540 days disciplinary detention. On August 17, 2004, the plaintiff was reclassified at PCI and placed on security detention status which apparently stopped the running of his disciplinary detention sentence. The plaintiff had served only 50 days of his 540 day disciplinary detention sentence. (Defs.' Mem. Supp. Summ. J. Aff. of James Sligh at ¶ 5 & Ex. 1.) The plaintiff remained on security detention status throughout his transfer to McCormick Correctional Institution on June 15, 2005, and his transfer to LCI on January 30, 2006. (*Id.* at ¶ 6.) On August 14, 2006, the plaintiff was released back into the general population because he had at least one disciplinary free year. (*Id.* at ¶ 8 & Ex. 2.) The remaining 490 days of disciplinary detention were waived based upon the plaintiff's good behavior while he was on security detention status. (*Id.* at ¶ 9.) The plaintiff alleges the defendant Sligh intentionally miscalculated the remaining time on his disciplinary sentence. However, as stated the record shows the remaining 490 days on the plaintiff's disciplinary sentence have been waived. (*Id.*) Accordingly, the plaintiff has failed to show that his constitutional rights have been violated by any alleged miscalculation of his disciplinary sentence.

**DENIAL OF ACCESS TO COURTS - ACCESS TO LEGAL MATERIALS**

The plaintiff alleges he was denied access to the courts because he was denied access to a box of his legal materials while he was in lock-up. The plaintiff's pending habeas petition was dismissed "around th[e] time," he was placed in lockup for thirty days for a disciplinary violation. (Compl. 7.) He contends that he requested his legal materials, but that they were not given to him while he was in lockup and that afterwards he immediately filed his appeal. (*Id.* at 7-8.)[1] The plaintiff's appeal of the dismissal was found to be untimely. (*Id.* at 8.)

Prisoners are entitled to reasonable access to the courts. *Wolff v. McDonnell*, 418 U.S. 539 (1974). The right of access to the courts is protected by Due Process and Equal Protection Clauses, *Murray v. Giarratano*, 492 U.S. 1, 11 n. 6, (1989), and requires that prisoners be afforded "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). The Sixth Amendment "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. The "touchstone" of a denial of access claim is that inmates are to be afforded "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Lewis v. Casey,* 518 U.S. 343, 356 (1996).

---

[1]From the docket, it appears the plaintiff filed a motion for reconsideration on April 16, 2004. *Koon*, C.A. No. 8:01-CV-3397 (Docket Entry # 24).

The plaintiff filed a habeas petition on August 22, 2001. *Koon v. State of South Carolina*, C.A. No. 8:01-CV-03397 (D.S.C. 2001). The case was assigned to United States District Judge Houck and referred to the undersigned. On August 13, 2002, the undersigned filed a report and recommendation recommending that the plaintiff's habeas petition be dismissed as successive. The plaintiff filed objections on August 20, 2002. On February 3, 2003, the plaintiff filed amended objections in which he informed the District Court that the South Carolina Supreme Court had recently ruled on his post-conviction relief proceeding. The plaintiff requested that he be given time to exhaust his state remedies. *Koon*, C.A. No. 8:01-CV-03397 (Docket Entry # 17). On March 17, 2004, Judge Houck adopted the report and recommendation and dismissed the habeas action without prejudice. After the District Court dismissed the action without prejudice, on April 16, 2004, the plaintiff filed a motion for reconsideration in which he informed the District Court that the South Carolina Supreme Court had ruled on his PCR claims on April 5, 2004, and his habeas claims were now exhausted. On May 6, 2004, the plaintiff filed an appeal and the Fourth Circuit Court of Appeals remanded the case for the District Court to determine when the plaintiff filed his appeal. At a hearing before the District Court, the plaintiff objected "that he was denied access to his legal materials." (Compl. at 8.) The District Court found the appeal was untimely and the plaintiff appealed. The Fourth Circuit affirmed the District Court's decision that the appeal was untimely and denied the plaintiff a certificate of appealability. The plaintiff was not denied access to the courts. He did, in fact, challenge

7

the dismissal of his habeas action as untimely on the ground that he was denied his legal materials while in lockup.

Furthermore, when an inmate alleges that officials deprived him of some item necessary for meaningful pursuit of his litigation, such as his already prepared legal materials, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item.  *Lewis*, 518 U.S. at 343.  Stated differently, an inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions.  He must establish a specific prejudice stemming from the denial of the item.  Here, the plaintiff has not.  He merely makes vague and conclusory allegations that this box of legal materials was needed for litigation.  *See, e.g., Hossman v. Spradlin*, 812 F.2d 1019, 1022 (7th Cir.1987) (holding "Appellant, in opposition to defendant's motion for summary judgment, could and should have stated with specificity exactly what materials he was deprived of and how such deprivation resulted in his being denied the meaningful access to the courts to which he is entitled.").  Accordingly, the plaintiff has failed to state a denial of access claim.

**DENIAL OF ACCESS TO COURTS - COST OF SUPPLIES**

In another denial of access to the courts claim, the plaintiff contends that "indigent plaintiff[s] should be allowed free postage, photocopies, [and] paper and pens to file legal actions."  (Compl.  at 5.)  The plaintiff possesses no general right to free photocopies or postage in his pursuit of pro se civil lawsuits.  *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir.1991)(holding there is no constitutional right to free photocopies); *Young v. Larkin*, 871

F.Supp. 772, 782 n. 19 (M.D.Penn.1994)(holding there is no constitutional right to free photocopies); *Dugar v. Coughlin*, 613 F.Supp. 849, 853 (S.D.N.Y.1985) (holding indigent litigants are not entitled to free photo-copies or unlimited free postage). Furthermore, the plaintiff has failed to allege any actual injury. *Lewis*, 518 U.S. at 349 (holding prisoner must allege some actual injury resulting from denial of access in order to allege constitutional violation). Accordingly, the plaintiff has failed to state a denial of access claim based upon these facts.

**DENIAL OF RECREATION TIME**

The plaintiff alleges his constitutional rights have been violated because he has been denied outside recreation beginning January 31, 2006. (Compl. at 4.) Specifically, the plaintiff alleges he has been denied "outdoor recreation" and it is a "significant hardship [for] a human being to be denied fresh air and sunlight." (*Id.*)

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id.* In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements-that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials acted with a sufficiently culpable state of mind.' *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir.1995) (emphasis in original; citation omitted). Thus, in an Eighth Amendment claim based on prison conditions, a prisoner must prove that prison

9

officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quotations omitted). Specifically, prison officials have to consciously disregard a substantial risk of serious harm to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Helling v. McKinney*, 509 U.S. 25, 32 (1993). Furthermore, "to withstand summary judgement on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993).

The undersigned is mindful that this Circuit has recognized that, in general, prisoners should be permitted some regular out-of-cell exercise. *Mitchell v. Rice*, 954 F.2d 187, 191-192 (4th Cir.1992). Turning to the plaintiff's statements, the plaintiff has merely alleged he has been denied outdoor exercise and "fresh air and sunlight." (Compl. at 4.) At best, the plaintiff alleges he has been denied "outdoor exercise." However, there is no allegation that the plaintiff has been denied indoor or "out-of-cell" exercise. Additionally, the plaintiff presents no affidavits supporting a denial of "out-of-cell" exercise, rather only an affidavit of denial of "outdoor exercise." (Pl.'s Mem. Opp. Summ. J. - Pl.'s Aff.) Therefore, the plaintiff has not alleged, much less demonstrated, that he has been denied "out-of-cell" exercise. *Ferola v. Dir. South Carolina Dept. of Corrections,* 2006 WL 2475396 (D.S.C. 2006)(holding there were no allegations or evidence plaintiff was denied "out–of-cell" exercise which would support a conditions of confinement claim). Accordingly, the defendants are entitled to summary judgment.

**MOTION TO AMEND**

The plaintiff has filed a motion to amend his complaint to allege three claims and add new defendants in relation to these claims. (Docket Entry #21.) In his amended complaint, the plaintiff alleges he has been denied outdoor recreation which has continued after his original complaint was filed while he has been in the general population. (*Id.* at 1.) This additional claim is actually the same claim as the one alleged above regarding the denial of outdoor recreation - with only a change in the dates and adding that the plaintiff is now in the general population. These new allegations, however, would not change the above analysis. The plaintiff has still failed to allege he has been denied out-of-cell exercise. Therefore, this amendment is futile as the plaintiff, as discussed above, has failed to state a claim based upon the denial of outdoor exercise.

In his proposed amended complaint, the plaintiff also alleges claims for "mass punishment" and denial of access based upon the his denial of access to the law library at LCI. (Id. at 2-3.) In his mass punishment claim, the plaintiff alleges prison officials have enacted a policy and custom of mass punishment, whereby an entire unit is punished for misconduct of certain individuals. (*Id*.) However, the plaintiff has failed to allege any specific facts relating to this claim or how his constitutional rights have been violated. As to the denial of access claim, the plaintiff has failed to allege the defendants' conduct "hindered [his] efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. He merely alleges he has been "denied the opportunity to research his federal case." (*Id*.) As the plaintiff has failed to allege an actual injury, he has failed to state a denial of access claim. *Schurz v.*

11

*Schriro*, 2006 W L 89933 (D.Ariz.2006) (holding if proposed claims fail as matter of law, amendment should be denied as futile). *See also Sartori v. Angelone*, 2001 WL 34810314 (E.D.Va.2001). Based upon the foregoing, the undersigned concludes the additional claims set forth in the plaintiff's proposed amended complaint are futile and, therefore, the motion to amend should be denied.

**MOTION TO COMPEL DISCOVERY**

The plaintiff has moved to compel the defendants to respond to discovery. However, the defendants' summary judgment motions can be resolved on the record before this court without the need for further discovery because there is no genuine issue of material fact regarding the plaintiff's claims. *See Strag v. Board of Trustees*, 55 F.3d 943, 954 (4th Cir.1995) (stating that denial of a discovery motion does not constitute reversible error where the information sought could not be used to defeat summary judgment); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). Accordingly, summary judgment is not inappropriate at this time and the plaintiff's motion to compel discovery should be denied.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' motion for summary judgment (#24) be GRANTED; the Plaintiff's Motions to Compel (#20) and to Amend Complaint (#21) be DENIED; and the Plaintiff's claims be DISMISSED with prejudice.

FURTHER, if the District Court adopts this report, it is RECOMMENDED that the Plaintiff's Motion for a Temporary Restraining Order (#6) be Denied as Moot.

IT IS SO RECOMMENDED.

S/Bruce H. Hendricks
United States Magistrate Judge

February 15, 2006
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).