IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert Koon, ) | C/A No. 8:06-1072-RBH |
| ) | |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Jon Ozmint, James Sligh, R. Parker, Colie Rushton, ) | |
| NFN Price, Brenda Epps, NFN Thomas, NFN Blackwell, ) | |
| Anthony Padula, and Geraldine Miro, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was brought by the plaintiff, *pro se*, claiming violations of his civil rights pursuant to 42 U.S.C. § 1983. Before the Court is the plaintiff's [6] Notice and Motion for Temporary Restraining Order.

Plaintiff seeks a temporary restraining order pursuant to Fed. R. Civ. P. 65 requiring prison officials to afford him at least eight hours per week of outdoor recreation.

A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution of the case on its merits. Injunctive relief which changes the status quo is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

The Court must consider four factors in determining whether to grant injunctive relief during the pendency of an action: (1) plaintiff's likelihood of success on the merits; (2) whether plaintiff will suffer irreparable injury if the interim relief is denied; (3) the injury to the defendant if an injunction is

entered; and (4) the public interest. *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997).

Applying the above factors, the plaintiff has alleged deprivation of outdoor exercise and does not allege that he was not allowed out-of-cell exercise. Therefore, he cannot show irreparable harm if the Court does not grant him injunctive relief. In addition, he has not shown that he is likely to succeed on the merits. *See Mitchell v. Rice*, 954 F.2d 187 (4th Cir. 1992) (Prisoner should be permitted some out-of-cell exercise but no distinction is made in this Circuit between indoor and outdoor exercise.) In addition, the Court recognizes that penological and security considerations may justify restrictions on outdoor exercise. *Id*. The motion is denied at this time. The Court will address the merits of the plaintiff's case at a later time.

**IT IS SO ORDERED.**

                                                  s/ R. Bryan Harwell  
                                                  R. Bryan Harwell  
                                                  United States District Judge

March 30, 2007  
Florence, South Carolina