UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

ROBERT KOON,                          )        Civil Action No.: 8:06-cv-1072-RBH
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        **ORDER**
                                      )
JON OZMINT, JAMES SLIGH,              )
R. PARKET, COLIE RUSHTON,             )
NFN PRICE, LT. BRENDA                 )
EPPS, CPT. NFN THOMAS,                )
CPT. NFN BLACKWELL,                   )
ANTHONY PADULA,                       )
GERALDINE MIRO,                       )
                                      )
        Defendants.                   )
_____)

        Pending before the court are: 1) Plaintiff's [Docket Entry #20] motion to compel; 2)

Plaintiff's [Docket Entry #21] motion to amend/correct complaint; 3) Defendants' [Docket

Entry #24] motion for summary judgment; and 4) Plaintiff's [Docket Entry #45] motion for

recusal.  Except for Plaintiff's motion for recusal, these motions are before the court with the

Report and Recommendation of Magistrate Judge Bruce H. Hendricks filed on February 15,

2007.

        Plaintiff, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 alleging

various civil rights violations.  However, in his objections to the Magistrate Judge's Report

and Recommendation, the Plaintiff indicated that he wished to pursue only his claims

concerning his denial of outdoor/out-of-cell recreation for a 6.5 month period in 2006 and the

denial of access to his legal materials.  The court considers the Plaintiff's other claims

withdrawn.

The Magistrate Judge recommended that Defendants' motion for summary judgment be granted and the Plaintiff's motions to compel and to amend/correct his complaint be denied. On February 26, 2007, the Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

Denial of Recreation Time

Recognizing that generally prisoners should be permitted some regular out-of-cell exercise, the Magistrate Judge noted that the Plaintiff had only alleged that he had been denied outdoor exercise and fresh air and sunlight. The Magistrate Judge recommended that summary

2

judgment be granted in favor of the Defendants on the Plaintiff's denial of outdoor exercise claim because the Plaintiff had not alleged that he had been denied out-of-cell exercise. Plaintiff claims in his objections that he was denied not only outdoor exercise, but out-of-cell exercise as well.

"It is generally recognized that a total or near-total deprivation of exercise or recreational opportunity, without penological justification, violates Eighth Amendment guarantees." *Mitchell v. Rice*, 954 F.2d 187, 192 (4th Cir. 1992) (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)). Although it is well-established that there is a constitutional necessity for some out-of-cell exercise, it is equally recognized that penological considerations may justify restrictions. *Mitchell*, 954 F.2d at 192. In *Spain v. Procunier*, the Ninth Circuit addressed justifications for exercise restrictions and limited them to unusual circumstances or circumstances where disciplinary needs made outdoor/out-of-cell exercise impossible. 600 F.2d 189, 199 (9th Cir. 1979) (cited with approval by Fourth Circuit in *Mitchell*, 954 F.2d at 192).

In this case, the Plaintiff alleges that he was denied outdoor/out-of-cell exercise from January 31, 2006 until August 14, 2006. During this time, the Plaintiff was incarcerated at Lee Correctional Institution on disciplinary detention status and was housed in the Special Management Unit (SMU). The SMU is equipped with outdoor recreation facilities, but is not equipped with indoor out-of-cell recreation facilities. Inmates who violate SMU rules lose their outdoor recreation privileges. The SMU unit utilizes the SCDC in-cell exercise program for inmates who have lost their outdoor recreation privileges or are otherwise unwilling or unable to take outdoor recreation.

3

Absent unusual circumstances or circumstances where disciplinary needs make outdoor/out-of-cell exercise impossible, the denial of out-of-cell exercise for a 6.5 month period could possibly constitute a violation of the Eighth Amendment depending on the particular facts and circumstances.  However, the record in this case indicates that in early 2006 there were several escape attempts in the SMU outdoor recreation yard.  As a result of these escape attempts, the SMU outdoor recreation yard underwent major renovations to ensure the security of its perimeters during the 6.5 month period Plaintiff complains he was not permitted any outdoor recreation.  Thus, while these renovations were being undertaken, none of the inmates housed in the SMU were permitted outdoor recreation.  Renovations to the recreation yard undertaken in response to several actual escape attempts is an unusual circumstance that in this case justifies the restrictions placed on outdoor/out-of-cell recreation.  It is clear that the restrictions placed on the inmates housed in the SMU during the renovations to the recreation yard were justified by legitimate penological concerns.

The record further indicates that on the other occasions when the Plaintiff lost outdoor recreation privileges, it was directly caused by his refusal to follow SMU rules.  When the Plaintiff followed the rules of the unit, he was allowed to take outdoor recreation.  Otherwise, the Plaintiff was provided with an in-cell exercise program.

Plaintiff's § 1983 claims based on the denial of outdoor/out-of-cell recreation fail because the restrictions placed on the Plaintiff's recreation time were justified by legitimate penological concerns.  Therefore, no Eighth Amendment violation occurred in this case.

<u>Denial of Access to Legal Materials</u>

Plaintiff claims that he was denied access to his legal materials while he was in lockup

4

and that as a result he missed a deadline for filing an appeal in one of his habeas corpus cases, *Koon v. Condon*, 9:01-cv-3101-CWH (D.S.C.).  The Magistrate Judge recommended dismissal of the Plaintiff's denial of access to legal materials claim concluding that the Plaintiff had failed to establish a specific prejudice arising from the denial of access to his legal materials.  Plaintiff argues in his objections that the denial of access to his legal materials caused him to miss the deadline for filing his notice of appeal.  Specifically, Plaintiff claims that because he did not have access to the case number and procedural history he was not able to timely file a notice of appeal.

After a careful review of the docket in *Koon v. Condon*, the court concludes that the Plaintiff's claims are without merit.  Plaintiff's deadline for filing a notice of appeal in his habeas corpus case was April 15, 2004.  On April 27, 2004, the clerk of court received Plaintiff's Notice of Appeal, which was dated April 14, 2004.  Pursuant to the prisoner mailbox rule, all the Plaintiff was required to do to timely file his Notice of Appeal was deliver it to prison authorities on or before April 15, 2004. *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).  It appears to the court that no later than April 14, 2004, the Plaintiff had prepared his Notice of Appeal.  For some reason, the Plaintiff chose not to deliver the Notice of Appeal to prison authorities until after April 15, 2004.[1]  As the Plaintiff had prepared his Notice of Appeal by at least April 14, 2004, the record clearly

---

[1] On March 18, 2005, an evidentiary hearing was held in *Koon v. Condon* before United States District Judge C. Weston Houck on the issue of the timeliness of Plaintiff's notice of appeal in his habeas case.  Plaintiff was represented by counsel at this hearing.  Following the hearing, Judge Houck made the finding that the Plaintiff did not deliver his notice of appeal to prison authorities until after April 16, 2004, at 3:30 p.m.  Based on this finding, Judge Houck ruled that the Plaintiff's notice of appeal was untimely under Rule 4(a)(1) of the Federal Rules of Appellate Procedure. *See* Order, 9:01-cv-3101-CWH, [Docket Entry #37].

5

shows that the Plaintiff's alleged denial of access to legal materials did not cause him to miss the deadline for filing his Notice of Appeal. Therefore, the Plaintiff's § 1983 claim based on his claim of denial of access to legal materials is dismissed.

Motions to Compel and to Amend Complaint

The Plaintiff did not object to the Magistrate Judge's recommendation that the Plaintiff's motions to compel and to amend the complaint be denied. On that basis, the court adopts the Magistrate Judge's recommendation that the Plaintiff's motions to compel and to amend the complaint be denied.

**Conclusion**

For the reasons stated above, the court overrules Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as modified by this Order. Accordingly, Plaintiff's [Docket Entry #20] motion to compel is **DENIED**; 2) Plaintiff's [Docket Entry #21] motion to amend/correct complaint is **DENIED**; 3) Defendants' [Docket Entry #24] motion for summary judgment is **GRANTED**; and 4) Plaintiff's [Docket Entry #45] motion for recusal is **DENIED** as moot. This case is hereby **DISMISSED with prejudice.**

**IT IS SO ORDERED**.

May 21, 2007                                                s/ R. Bryan Harwell
Florence, South Carolina                          R. Bryan Harwell
                                                                     United States District Judge

6